Good morning, Your Honors. May it please the Court. Jonathan Steinzip here on behalf of the appellants, Mark Frost and Goodcomma, Inc. The District Court here committed clear reversible error by sua sponte dismissing my client's declaratory judgment case despite the fact that there was no dispute that the case was ripe for adjudication under Article III of the Constitution and also pursuant to the Declaratory Judgment Act which incorporates the Article III standard. And there was no dispute that there was otherwise subject matter jurisdiction because there was complete diversity between the parties. My clients are California citizens. The appellees are Canadian citizens. So it's an abuse of discretion standard, right? Correct. And so the District Court does not absolutely have to exercise its authority under the Declaratory Judgment Act. So tell me why the District Court abuses discretion. Certainly, Your Honor. It is an abuse of discretion standard. District Courts, it's very well established, do not have to entertain every declaratory judgment action that comes before them. However, they have to exercise their discretion pursuant to standards that have been established by the United States Supreme Court and by this Court. And what are the standards in this case that you think the District Court did not adhere to? Well, the most obvious error here was that, and why this is clearly an abuse of discretion, in my opinion, is because the District Court committed a clear error of the law. It held that our client's declaratory judgment case or complaint did not raise any federal copyright issues. It held that this was solely a state contract case. And that was simply incorrect. There's no way you can look at our complaint and say that there were no colorable copyright issues that were raised. And let me just explain. The issue in this case is whether there was an enforceable agreement between my clients and the appellees. The principal reason why we say there was no contract is because of 17 United States Code Section 204A, the Federal Copyright Act signed writing requirement. And there's a very real dispute over application of that to the facts of this case. But that comes within the core of federal jurisdiction. And let me just explain this dispute. The dispute was whether a series of e-mails between counsel for our parties, not us, the transactional counsel, constituted a transfer of an exclusive interest in a copyright. My client's counsel wrote a nickname at the bottom of the e-mail, WERTH, W-E-R-T-H. They contend that's a signature. We contend it's not. There is no law on that issue. So right there, there's a question, a very substantial question of federal copyright law. What does signed mean in the Signed Writing Act of Section 204A? Secondly, the second issue under 204A is. Because it's in an e-mail or because it's a nickname? Well, both. And let me explain. The e-mail, I would agree, is a writing. There's no doubt that an e-mail is a writing, a digital. It doesn't matter what it's been. We would contend that a signature would ultimately have to be a hand signature. But less than that, it would have to be something akin to what we affix to our pleadings here, which is an S or something that manifests an intent to be bound. Now, these are real interesting questions. And they're questions that have to be resolved by a federal court. The federal courts have exclusive jurisdiction over cases arising under the Copyright Act. So even if I think your argument is a little bit thin, it goes to federal court to decide? Absolutely. And the best case for that would be the Second Circuit's decision in JASPER. But there's a second other issue under the signed writing requirement, which is who is a duly authorized agent under the Copyright Act? And that's under. Recall that Section 204A says that it has to be a writing signed by the copyright owner or by the copyright owner's duly authorized agent. What's a duly authorized agent? Transactional counsel? Well, we know from this Court's own cases that it's probably not. That under California law, that this Court has incorporated into that requirement, and the case is Ballanty Critzer v. Hickney Video from 1989 from this Court, says that an attorney generally does not have power to sign away their client's property. And, in fact, that's true. That's why we don't sign settlement agreements for our clients. That's why we don't sign deeds for our clients. Our clients actually have to be the ones to sign away their own rights. But even if, by the way, even if you disagreed and said there's no federal issues in this case, which I have a hard time seeing that under the cases that we cited, particularly the Second Circuit case and the Eleventh Circuit case that we relied on, which I know are not binding but are still persuasive, I would argue. Even if there were no federal issues in the case, this Court has instructed district courts to consider a number of factors before they dismiss cases pursuant to their discretionary power. The district court here only considered one. And the only thing it said was that this case raises State law issues, and therefore it should avoid needless determination of State law issues. Well, if that were enough to dismiss a declaratory judgment action, we could never have a diversity case under the Declaratory Judgment Act. And this Court has said exactly that. It wasn't in an insurance case. But this Court said we know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage. That's the Aetna casualty case at 974 F. Second 1196. Do the e-mails in this case contain any time frame or any option time? They're the – well, that goes to our secondary argument, which is a State contract argument. Well, that's a State law question. But if there's an option in this, if there was a contract, why wouldn't it be moot if the time has expired? Well, if appellees are willing to get up here and say that they've not been caused damages by the alleged breach of us not giving us that option, then I would agree it would be moot. I have a feeling they're not going to say that. Also, I think they believe that they're still entitled for us to give them that option, that they would still ask for the option, and they're still asking for it. So I don't believe it's moot. Yeah, exactly. And just on the question of needless determination of State law issues, which is the sole reason the district court gave. Needless determination of State law issues is raised in two situations. One is when there's a parallel State court proceeding. And in that case, yeah, it would be needless for the court to decide an issue if it's already pending in State court. The second is when there's complex or unsettled State law issues. Obviously, for federalism issues, there's situations, not always, but there's situations where the State court has said, no, you've got to consider all of these factors. And when you go through those factors, avoiding needless determination of State law issues, I don't think that counts because it's a federal issue, but even if it was,     all of these factors. There's no complex issue. The court here itself said this was a run-of-the-mill contract issue that federal courts deal with every single day, literally. Discouraging forum shopping, there's no forum shopping issue here. This is the only venue, whether it be State or federal court. It's going to be decided here in Los Angeles. Avoiding duplicative litigation, again, doesn't apply because there's not more than one case. And with that, I'd like to reserve the rest of my time. Let's hear some questions. Good morning, Your Honors. Henry Self of Laveley & Singer for the appellees. It is not entirely clear to my clients why we're even here this morning because it would seem that this appeal, indeed this entire federal case, is now moot due to events that have transpired after the closing of briefing in this appeal. You see, the final reply brief was submitted to the court in March of 2011. And after that date, in a concurrent state court proceeding, the Los Angeles Superior Court actually entered a final adjudication on the merits of a lawsuit involving exactly the same substantive issues in favor of appellants. So under the peculiar circumstances that we face today, appellees really don't wish to defend the district court's decision. Indeed, if this court were to reverse the district court and remand the case and reactivate the federal case, my clients would have a second chance on the merits to convince a different tribunal of the propriety of our position. So why weren't we made aware of this development before today? Your Honor, I ask the same question. I don't know. This is not... Was there a piece of paper filed that haven't read? No. This is the first time we're hearing about it, like, right now? Correct. As far as I know. I mean, this is not our appeal. And we have asked appellants why they want, or do they want to pursue this because it seems moot. But you're a party. You could have apprised us of what happened. Again, strategically, it's better for my clients to allow the court to go ahead and reverse the district court. Okay. Well, then why don't you make your argument, then? What I'm saying is I don't wish to defend the district court at this point. So you think the district court was wrong, or you just would prefer that we find that he's wrong whether you think so or not? The latter, exactly. Because, as you can see, that would then open the door for us to re-litigate these substantive questions of Section 204 of the Copyright Act. There are no published opinions on this. The interesting question in this case is whether this e-mail and the nickname, and so forth, the done, okay kind of language creates a contract. It would be, if we were teaching contract courses, it would be a fun case to teach. But courts are in the business of looking for interesting intellectual questions. This is not the ordinary way of handling our appellate argument, of course. Why don't you sit down for just a minute? Let's hear from the other side, and then we'll give you a chance to stand up again. I need a little more information somehow. Certainly, Your Honor. After this case was dismissed, they brought a state court action. We were able to get summary judgment on their breach of contract case. The state court did not and cannot make a final adjudication as to ownership of copyright. Having said that, if their contract is unenforceable, that will probably resolve the issues. What was the basis of the state court's ruling on the contract claim? That counsel did not have authority to enter into this type of contract for this client. So wouldn't that resolve the case in the federal system as well? Most likely, except they're appealing it. So that is not a final judgment under the state court system, and it's not moved. Until they're willing to give me a stipulation that they are not going to claim any interest in my client's copyrights, I can't drop a federal case. Under the operation 1738, that is to say, I assume both of you know this, the federal res judicata law that tells the federal courts what res judicata consequence attaches to the state court judgment, you give the same force the state would, and California res judicata law is that you have to have finished all your appeals. So if there's an appeal pending, there's no res judicata coming out of that superior court judgment. That's exactly right. And, by the way, it's the same way in reverse. In state court, we get to follow the federal. Right. But federal rules, you get res judicata as soon as the district court has decided it. Right. Exactly. So this is not moved. I mean, this is still hanging in the fire. Absolutely not moved. Okay. I got it. Thank you. Unless you want me to add. No, we just wanted to clarify. Let's do it. Okay. Your turn. Okay. So like it or not, you need to defend the district court decision or see that you don't want to. Or a good argument could be made under, say, Colorado River for federal abstention so as to avoid the undesirable potential of duplicative inconsistency. I just want to make sure, based on what we've heard, there has been a judgment in the superior court. You lost. You've appealed. Correct? Absolutely right. You didn't tell us that part. We're still in the game. But you see, we now have two competing racing games to get to a final adjudication. That is exactly what abstention is. For some years, cases where there's a possibility of another case disposing of the case before us that we defer submission and wait for the other case to finish its course. And what would be wrong with doing that in this case? I think that may be a good solution, in fact, to stay one or the other proceeding until we. . . We can't do anything about that. It might be better for us to go ahead and decide it. That way we move it along as opposed to keep trying. I have to say, it seems to me that on the record as it was in front of the district court at the time the district court decided it, the district court was wrong. I have not consulted with my colleagues on this point, but it seems to me in the absence of any state court proceeding that the presence of some possible federal question involved in the case, whether or not it was federal question jurisdiction or diversity jurisdiction, I think you just got it wrong. Any further questions from us? Not from me. Okay, thank you. No. Don't. . . Well, I don't know whether. . . There is a possibility of victory or defeat, but don't snatch it. Okay, thank you. In any case, Frost v. Frederick just submitted for decision.
judges: Goodwin, Fletcher, Rawlinson